**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UBALDO TRUJILLO-GARCIA,

      Petitioner,

v.

ALBERTO R. GONZALES, Attorney
General [*],

      Respondent.

No. 04-9566
(BIA No A92-742-219)
(Petition for Review)

---

**ORDER AND JUDGMENT** [**]

---

Before **MURPHY, O'BRIEN,** and **MCCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    On February 4, 2005, Alberto R. Gonzales became the United States Attorney General. In Accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the Respondent in this action.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Ubaldo Trujillo-Garcia petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's decision denying his request for cancellation of removal. Petitioner also filed a motion for stay of removal, which was denied by order of this court on July 26, 2004. Respondent filed a motion to dismiss the petition for lack of jurisdiction. Petitioner did not respond to the motion to dismiss; instead, he filed a second motion for stay of removal, in which he failed to address the basis for this court's jurisdiction. Petitioner finally submitted a response to the motion to dismiss after a third letter from this court requesting a response.

Respondent argues in its motion to dismiss that this court does not have jurisdiction because petitioner was found deportable for being convicted of an aggravated felony and a controlled substances violation. Section 309(c)(4)(G) of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) states, "there shall be no appeal permitted in the case of an alien who is [] deportable by reason of having committed a criminal offense covered in . . . section 241(a)(2)(A)(iii) [aggravated felony], (B) [controlled substances] . . . ." (reprinted as amended in 8 U.S.C. § 1101, Historical and Statutory Notes, 1996

Acts).[1]  Petitioner concedes that his drug possession charge is considered an

aggravated felony under the current immigration laws.  Pet. Stay Mot. at 2-3.

In his response to the motion to dismiss petitioner does not address the

IIRIRA provision cited by respondent, he simply argues that this court has

jurisdiction because the Supreme Court had jurisdiction in *INS v. St. Cyr*,

533 U.S. 289 (2001).  Petitioner describes *St. Cyr* as a case "involv[ing] an alien,

as here, who had committed an aggravated felon [sic], and who had a deportation

or removal order against him."  Pet. Resp. at 2.  Petitioner fails to recognize,

however, that *St. Cyr* involved a petitioner who filed a petition for writ of habeas

corpus under 28 U.S.C. § 2241.  In determining that it had jurisdiction, the

Supreme Court in *St. Cyr* went to great lengths to distinguish habeas review from

traditional appellate review.  *See St. Cyr*, 533 U.S. at 298-314.  *St. Cyr* does not

support petitioner's argument that this court has jurisdiction over his appeal.

Petitioner also argues that we have jurisdiction because the respondent filed

a non-opposition to his second motion for stay of removal.  While it is true that

respondent has now stated that it does not oppose petitioner's stay of removal,

that does not impact our analysis because it does not change the language of

---

[1]     These transitional rules apply to petitioner because removal proceedings were initiated against him before April 1, 1997, and the BIA issued its final order of removal after October 31, 1996.     *See, e.g.*, *Desta v. Ashcroft*, 329 F.3d 1179, 1180 n.1 (10th Cir. 2003).

IIRIRA's jurisdiction stripping provision. Finally, petitioner argues that there has been a change in the immigration laws that may now provide him relief, *see* 8 C.F.R. § 1212.3(h). This may be true, but petitioner's avenue for relief is to file a special motion to reopen with the BIA under 8 C.F.R. § 1003.44. Petitioner has informed this court that he has filed such a motion and an accompanying request for stay of deportation.

Accordingly, we DISMISS the petition for lack of jurisdiction and DENY the petition for stay as moot.

ENTERED FOR THE COURT
PER CURIAM